**United States Bankruptcy Court**
**District of South Dakota**



Charles L. Nail, Jr.
Bankruptcy Judge

_____

Federal Building and United States Post Office           Telephone: (605) 224-0560
225 South Pierre Street, Room 211                              Fax: (605) 224-9020
Pierre, South Dakota 57501-2463

October 13, 2006


Thomas M. Tobin, Esq.
Counsel for Debtor
Post Office Box 1456
Aberdeen, South Dakota  57402-1456

Mary E. Combellick
Roy J. Combellick
205 North Main Street
Gettysburg, South Dakota  57442

        Subject:    ***In re Gloria J. Hayenga***
                            Chapter 7, Bankr. No. 06-10032

Dear Mr. Tobin, Ms. Combellick, and Mr. Combellick:

      The matter before the Court is Debtor's Motion for Order Directing Clerk of Court to Discharge Judgment Discharged in Bankruptcy.[1]  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying Order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014. As set forth below, the Court concludes Debtor's motion must be granted.

      **Summary.**  On March 13, 1006, Mary E. Combellick and Roy J.  Combellick obtained a judgment against Gloria J. Hayenga.  On May 3, 2006, Gloria Hayenga ("Debtor") filed a Chapter 7 petition in bankruptcy.

      On May 5, 2006, the Bankruptcy Clerk served notice of the commencement of the bankruptcy case on Debtor's creditors, including Mary and Roy Combellick. The notice of commencement of case advised creditors the deadline for filing a complaint objecting to the general discharge of claims against Debtor or to determine the

_____

      [1] The relevant facts are not in dispute.  The issue presented is purely a question of law.  Thus, no hearing was held.

Thomas M. Tobin, Esq.
Mary E. Combellick
Roy J. Combellick
October 13, 2006
Page 2

dischargeability of a particular debt was August 7, 2006. Neither the Combellicks nor any other party in interest timely commenced an action objecting to Debtor's receiving a general discharge order or to the dischargeability of a particular debt. On August 9, 2006, Debtor was therefore granted a general discharge under § 727 of the Bankruptcy Code.

On September 19, 2006, Debtor filed a Motion for Order Directing Clerks of Court to Discharge Judgment Discharged in Bankruptcy. The Combellicks' judgment was listed in Debtor's motion. By letter dated September 25, 2006, the Combellicks objected to Debtor's motion.

**Discussion**. Section 524(a)(1) of the Bankruptcy Code provides:

(a)   A discharge in a case under this title –

(1)   voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment. The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota Code establishes the procedure for removing, from the records of the clerk of court for the county in which it was docketed, any judgment that was voided in bankruptcy. When a debtor receives a bankruptcy discharge, she may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided. Upon receipt of the bankruptcy court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket. This has the effect of discharging the listed judgments from and after that date.

In this case, Mary and Roy Combellick received timely notice of Debtor's bankruptcy. They did not object to Debtor's general discharge or to the dischargeability of their particular claim against her before the August 8, 2006 deadline for doing so. Therefore, the Combellicks' claim was discharged on August

Thomas M. Tobin, Esq.
Mary E. Combellick
Roy J. Combellick
October 13, 2006
Page 3


9, 2006. Their judgment was automatically voided on that same date pursuant to 11 U.S.C. § 524(a)(1). Accordingly, Debtor is now entitled, through this present motion and applicable state law, to have the Combellicks' judgment discharged on the state court's records.

    The Court will enter an appropriate order.

                                            Sincerely,

                                            Charles L. Nail, Jr.
                                            Bankruptcy Judge

CLN: sh

cc:  case file (docket original; copies to parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Linda M. LaFortune
Acting Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Linda M. LaFortune
Acting Clerk, U.S. Bankruptcy Court
District of South Dakota